UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Case No. 08-18603-BKC-JKO

WATERBROOK PENINSULA, LLC
a Florida limited liability company,                    Chapter 11

    Debtor and Debtor-in-Possession.
_____/

WATERBROOK PENINSULA, LLC                    Adversary Pro. No._____

    Plaintiffs

v.

PENINSULA LENDERS, LLC, STATESIDE
CAPITAL CORP. And 3061 LENDERS, LLC,

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEFE, INCLUDING TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

    Waterbrook Peninsula, LLC ("Waterbrook" or the "Debtor"), Thomas N. Yianilos, ("Yianilos"), and L. William Rudnick ("Rudnick") (also collectively referred to herein as the "Plaintiffs") bring this action pursuant to, *inter alia*, 11 U.S.C. §105(a) and Fed. R. Bankr. P. 7001(7) seeking injunctive relief enjoining prosecution of the following lawsuits or threatened lawsuit during the pendency of this Chapter 11 case:

    a.    Peninsula Lenders, LLC ("Lenders"), Case No. 502008CA001870XXXXMBAG pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

    b.    Stateside Capital Corp ("Stateside"), Case No. 502008CA006916XXXXMB-AA pending in the Fifteenth Judicial Circuit in and for Palm beach, Florida;

c.       3061 Lenders, LLC ("3061") Case No. 08-33111(ii) pending in the Seventeenth Judicial Circuit in and for Broward County, Florida (collectively, the "Actions").

## JURISDICTION AND VENUE

1.       This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334, in that it arises in and relates to Debtor's chapter 11 case pending before this Court.

2.       Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.       This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

4.       The statutory predicates for the relief sought are 11 U.S.C. §105(a) and 28 U.S.C. § 1334 and Fed. R. Bankr.P. 7001(7).

## THE PARTIES

5.       Plaintiff, Debtor, is a Delaware Limited Liability Company, duly organized and existing with a usual place of business at 2769 North Federal Highway, Boynton Beach, Florida and is also Debtor and debtor-in-possession in the above captioned bankruptcy case pursuant to 11 U.S.C.§§ 1107(a) and 1108.

6.       Yianilos is an individual residing in Broward County, Florida.

7.       Rudnick is an individual residing in Broward County, Florida.

8.       Defendant, Lenders is a Florida Corporation with its principal place of business in Palm Beach County, Florida

9.       Defendant, Stateside, is a Florida corporation with an address of 75 N.E. 6th Avenue, Delray Beach, Florida 33483.

10.      Defendant, 3061 is a Florida Limited Liability Company with its principal address at 75 N.E. 6th Avenue, Suite 103, Delray Beach, Florida 33483.

## BACKGROUND

11.     On June 25, 2008 (the "Petition Date") Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

12.     Debtor is developer, owner, and operator of a residential development, "Peninsula on the Intracoastal," located at 2649 North Federal Highway, Boynton Beach, Florida 33435 (the "Property").  Debtor's primary business is the construction of the Property and execution of purchase and sale agreements for the sale of condominium or townhouse units in the Property.

13.     Waterbrook's primary financing was provided by National City Bank, ("NCB")[1] which holds a land acquisition note in the principal amount of $7,463,000 and a construction note in the principal amount of $18,643,000 (collectively referred to as the "NCB Note").  The NCB Note is secured by a first position mortgage on the Property.

14.     In addition to the NCB Note, Waterbrook obtained secured junior financing from Lenders.  Waterbrook executed a promissory note in favor of Lenders in the initial amount of $3,000,000 on September 19, 2005.  Subsequently, Waterbrook executed a promissory note in favor of Lenders in the amount of $500,000 in connection with a future advance which is secured by a second position mortgage on the Property.

15.     The common nexus of the three defendants is Norman S. Weinstein, who serves as a principal and operative of all defendants

16.     Debtor is operated under the direct supervision and control of Yianilos and Rudnick. With the conclusion of other real estates ventures, Debtor remains the sole business controlled by TY and WR.  Without the full and undivided attention of Yianilos and Rudnick to the business of Debtor's operations, which are being managed successfully in the post-petition period, the potential of a successful reorganization will be severely and irreparably jeopardized.

---

[1] On or about January 2, 2007, PNC Financial Services Group, Inc., announced that it was acquiring National City Bank.

17. In an effort to save Debtor, Yianilos and Rudnick made many personal commitments designed to stabilize the businesses. Some of those commitments included taking on substantial personal liability for certain obligations of Debtor. Peninsula and Stateside are holders of such obligations that have been personally guaranteed by Yianilos and Rudnick for the benefit of Debtor. 3061 is the holder of an obligation of a separate entity that was controlled by Yianilos and Rudnick, but no longer has any operations. 3061 also obtained personal guaranties from Yianilos and Rudnick.

18. As noted above, each of the Defendants has commenced and is prosecuting or has threatened to commence an action against Yianilos and Rudnick. Each day, Yianilos and Rudnick are burdened with and are mired in the morass of ancillary litigation, which the vast majority of which arise from the underlying obligations of Debtor and which seriously distract Yianilos and Rudnick from the attention which they need to devote to the successful operations of Debtor. The cumulative effect of the litigation or threatened litigation will have catastrophic, deleterious effects on the ability of Debtor to reorganize.

19. As this Court is well aware, Yianilos and Rudnick take their responsibilities in this case and Court very seriously, as indicated by, among other things, working for Debtor these past two months despite the expiration of DIP financing or a finalized agreement for addition DIP financing with National City Bank, and therefore, without any personal income. The calculated prosecution of the Actions, by what can only be designated as disgruntled creditors, at a time when Yianilos and Rudnick are engaged in the utmost good-faith and in applying all of their energy to facilitate a reorganization, suggests that the Defendants' ulterior motives are to derail a legitimate reorganization effort of Debtor by causing Yianilos and Rudnick to divert their attention from the responsibilities that operating as a debtor-in-possession demands.

20.	For the few months when they were receiving compensation, Yianilos and Rudnick were receiving modest compensation under a DIP budget that had been approved by the Court. Any funds which Yianilos and Rudnick have needed to cover ordinary and necessary living expenses have been derived from access to the assets which they own. Without access to their funds to cover ordinary and necessary living expenses, and with the constant distraction of dealing with the Actions, including discovery, consultations with counsel, and threatened post-judgment collections actions, and mediations, it is simply a matter of time until Yianilos and Rudnick will be required to make a strategic decisions as to whether to remain with Debtor or seek other opportunities that will allow them to fully provide for their families.

21.	Through December 31, 2008, Debtor had approved DIP financing that permitted the construction and management of the Property. Due to circumstances beyond the control of Debtor, Yianilos or Rudnick, construction of the Property was not completed as of December 31, 2008.

22.	As a result of various disagreements and complications between and among Debtor, NCB and the former general contractor on the Property, Debtor was forced to terminate its contract with its former general contractor. Debtor has since endeavored to complete the construction of the Property as its own general contractor, utilizing the general contractor's license of Yianilos.

23.	Debtor has been in constant negotiations with NCB to provide additional DIP financing for completion of the Property. To that end, Yianilos and Rudnick's attention and time has been focused on maximizing the value of Debtor's assets for all creditors. To the extent Debtor is successful in obtaining additional DIP financing, Yianilos and Rudnick's time commitment will increase dramatically from their already hefty burden.

24.     In addition to negotiating DIP financing, Debtor, through Yianilos and Rudnick, are utilizing extensive efforts to maximize the assets of the estate through a sale of the Property and settlement of customer deposits related to purchase and sale agreements for units on the Property.

25.     In connection with the sale of the Property, Debtor, through Yianilos and Rudnick, must solicit interest in the Property, negotiate the terms of a stalking horse purchase and sale agreement, provide constant access to the Property and prepare due diligence materials, engage an auctioneer and real estate broker, and otherwise advance Debtor's sale efforts.

26.     The foregoing does not even account for the significant legal expenses to defend the Actions.  Upon information and belief, none of the Defendants are confronting any limitation periods of any kind or nature in the prosecution of the Actions and will suffer no procedural prejudice.

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

27.     The Plaintiffs reallege paragraphs 1 through 26 as if fully set forth herein.

28.     This Complaint seeks temporary and preliminary relief through the entry of a temporary restraining order and a preliminary injunction enjoining the further prosecution of the Actions pending confirmation of the Chapter 11 Plan of Debtor.

29.     If Yianilos and Rudnick are not relieved of the obligation to defend the Actions during the pendency of this Chapter 11 case, there is a substantial likelihood that in the absence of the relief south herein, Debtor's Chapter 11 case will be severely prejudiced and its reorganization may not succeed.  Yianilos and Rudnick are the members of Debtor and are the individuals who are responsible for the management of Debtor's business, including the construction of the Property. Yianilos and Rudnick are the individuals whose unimpeded personal professional attention to the operations of Debtor are absolutely required to facilitate a successful reorganization.  Debtor must be

be free to focus solely on construction of the Property and its sale, not mired in collateral litigation. Defending these multiple Actions impedes the necessary, focused attention of the Yianilos and Rudnick and severely jeopardizes the opportunity for a successful Chapter 11 reorganization.

30. Debtor has and will suffer irreparable injury unless the injunctive relief sought herein is issued.

31. The potential harm to Debtor from a failure to grant the injunctive relief sought herein outweighs any potential hard to the Defendants if the injunctive relief is granted. Specifically, the Plaintiffs submit that Debtor's efforts at reorganizing, for the benefit of its creditors and in protection of the livelihood of its subcontractors and their families, is placed in jeopardy if the Actions are not stayed during the pendency of this Chapter 11 case and Yianilos and Rudnick are not (i) permitted to access to their funds to pay ordinary and usual living expense and (ii) focus all of their attention on the reorganization of Debtor. The only harm that might befall the Defendants is a delay in the prosecution of the Actions, individually and collectively, for the duration of this Chapter 11 case.

32. The grant of the injunctive relief sought herein unequivocally advances significant public interest, that is, in effectuating a successful reorganization as contemplated by the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*., protection of the jobs of the subcontractors and the welfare of their families, and in assuring that the legitimate rights of the contract holders, creditors and other parties in interest of Debtor are protected.

**WHEREFORE**, the Plaintiffs respectfully request that the Court grant the following relief:

(A) Enter a Temporary Restraining Order enjoining the continued prosecution of the Actions or the commencement of any further actions by the Defendants and directing the Defendants to immediately cease prosecuting the Actions during the pendency of this Chapter 11 case;

7

      (B)     Enter a Preliminary Injunction enjoining the continued prosecution of the Actions or the commencement of any further actions by the Defendants and directing the Defendants to immediately cease prosecuting the Actions during the pendency of this Chapter 11 case; and

      (C)     Enter an Order granting such other and further relief as may be just and proper.

Dated this 25th day of February, 2009

                              Respectfully submitted,

                              Messana, Weinstein & Stern, P.A.
                              Counsel for Plaintiffs
                              P.O. Drawer 2485
                              Ft. Lauderdale, Florida 33303
                              Telephone:  (954) 712-7400
                              Facsimile:   (954) 712-7401


                              /s/ Scott A. Underwood
                              Thomas M. Messana, Esq.
                              Florida Bar No. 991422
                              Scott A. Underwood
                              Florida Bar No. 0730041